UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WESLEY DORVIL,

        Petitioner,

v.                               Case No:  2:16-cv-796-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.

_____/

## OPINION AND ORDER[1]

Pending is Petitioner Wesley Dorvil's *pro se* timely[2] amended 28 U.S.C. § 2254 petition for habeas corpus relief constructively (Doc. 12, Amended Petition). Dorvil challenges his trial based conviction in case no. 11-CF-833 in the Twentieth Judicial Circuit Court, Collier County, Florida. (*See generally* Doc. 12). Liberally construed, the Amended Petitioner raises four grounds for relief – three grounds of constitutionally ineffective assistance of trial counsel and one ground of constitutionally ineffective assistance of appellate counsel. Respondent[3] filed a response and submits Dorvil is not entitled to habeas relief. (*See generally* Doc. 21). Dorvil filed a reply (Doc. 24).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Respondent concedes the Amended Petition is timely filed. (Doc. 21 at 8). The Court agrees.

[3] The Petition names the Secretary of the Department of Corrections and the Florida Attorney General as Respondents. When a petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004). Because the proper respondent is the Secretary, the Attorney General will be dismissed.

Subsequent to filing the Amended Petition, Dorvil moved for an evidentiary hearing and to expand the record. (Doc. 47). The Court deferred ruling on the motion pending the Court's review of the record. (*See* Doc. 50). The Court denies Dorvil's motion to expand the record and for an evidentiary hearing and finds Dorvil is not entitled to federal habeas relief.

## I. Background and Procedural History

The State charged Dorvil by Amended Information with (1) carrying a concealed firearm, (2) resisting/obstructing an officer without violence, and (3) robbery, possessing a firearm. (Doc. 21-1 at 55-56). Dorvil proceeded to a jury trial. (Doc. 21-3). The following testimony and evidence were introduced. On April 14, 2011, Juan Trevino was robbed of his laptop computer outside a public library in Immokalee. Trevino testified he was sitting outside the library under the lights when heard a bike "skid up" and saw a man wearing a ski mask with a gun who demanded his laptop. Trevino initially did not give up his laptop but, after a second unarmed man arrived and repeatedly hit him, he did. The unarmed man took the laptop. Trevino called 911 after the two individuals left to report the robbery. He told described the perpetrators were black men, one on a bike carrying a gun and wearing a mask. Trevino described the gun was silver and the gunman was in his early twenties wearing black clothes and a black ski mask, with the holes and mouth. (Doc. 21-3 at 133-141). The 911 call transcript was introduced into evidence and the call was played for the jury. (Doc. 21-3 at 141-147). Trevino identified a picture of the gun as the gun pointed at him. (Doc. 21-3 at 148).

Deputy Alan Catlin and his partner, Corporal James Hopkins, received a call about the robbery and responded. They were instructed to patrol the outer perimeter of the

area and were provided a description of the suspect. The description was a black male in his late teens or early twenties, dressed all in black, on a bicycle, with a ski mask and a gun. About four or five blocks from the library, Catlin and Hopkins encountered Dorvil, who matched the description of the suspect and was wearing all black and pushing a bicycle. Catlin identified Dorvil as the person he stopped that night. There were few other people outside because it was around midnight and the officers observed only one other person on a bike but it was a woman, who did not match the description of the suspect. The officers pulled up alongside Dorvil and engaged him in a casual conversation through the window of their vehicle. They noticed Dorvil was sweating even though it was cool outside, approximately 70 degrees. When Dorvil walked in front of the vehicle's headlights, the officers observed bulges in Dorvil's pockets that appeared consistent with a firearm. The officers exited the vehicle to detain Dorvil for further questioning. When they attempted to stop and question him, Dorvil dropped his bike and ran. The officers followed and eventually cornered him. Dorvil fell to the ground and yelled that he had a gun in his pocket. When the officers conducted a pat-down search they discovered a silver gun, a black ski mask and cell phone. The gun and black ski mask were admitted into evidence. (Doc. 21-3 at 152-186; 193-211).

Petitioner admitted to Detective Jason Velazquez in a post-*Miranda* custodial interview he did not have a concealed weapons permit. (Doc. 21-3 at 217-). At the close of the State's case, defense counsel moved for a judgment of acquittal on all counts. The trial court denied the motion as to Counts 1 and 3 and reserved ruling on Count 2. (Doc. 21-3 at 219-20). Dorvil testified in his own behalf. He admitted he had a firearm in his pocket and did not have a concealed weapons permit. Dorvil admitted he had a black ski

mask he claims he wore for fashion reasons. Dorvil admitted he had on black or dark shirt and was pushing a bicycle when stopped by officers but had been riding it earlier in the evening. (Doc. 21-3 at 229-235). The jury returned a verdict finding Dorvil guilty on all three counts. (Doc. 21-2 at 67-68).

At sentencing, trial counsel moved for dismissal of Count 2, resisting or obstruction without violence, notwithstanding the verdict. (Doc. 21-2 at 142-143). The trial court dismissed Count 2, adjudicated Petitioner guilty of Counts 1 and 3, and concurrently sentenced Petitioner to 5 years of imprisonment for Count 1 and 15 years of imprisonment, with a 10-year mandatory minimum on Count 3, followed by 15 years of probation. (Doc, 21-2 at 144).

## II. Applicable Law

### A. AEDPA

The Antiterrorism Effective Death Penalty Act ("AEDPA") governs a state prisoner's habeas petition for federal relief. 28 U.S.C. § 2254. Relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants

deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). A state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles espoused in the decisions of the United States Supreme Court issued when the state court decided its opinion. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). In *Brown v. Peyton*, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1):

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Id.* (internal citations omitted). Thus, it is not enough for a petitioner to demonstrate that a state court's decision is wrong; "even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014). Rather, the petitioner must demonstrate the state court decision was "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003); *see also Woods v. Donald*, 575 U.S. 312, 316 (2015) (petitioner must show state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). "[T]his standard is

difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 585 U.S. ___, 138 S. Ct. 2555, 2558 (2018) (*quoting Harrison*, 562 U.S. at 102, 131 S. Ct. at 786 (quotation marks omitted)).

Finally, when reviewing a claim under § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)). *See also Morrow v. Warden*, 886 F.3d 1138, 1146 (11th Cir. 2018) (the court must presume that the State court's determination of a factual issue is correct, and petitioner must rebut presumption by clear and convincing evidence).

### B. Exhaustion and Procedural Default

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not fairly presented every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (internal quotation marks and brackets omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In addition, a federal habeas court is precluded from considering claims not exhausted and

would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would have to present his claims to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) (internal quotation marks omitted). To establish prejudice, a petitioner must show there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v.*

*United States,* 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### C.    Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief claiming his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a

"highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### D.     Ineffective Assistance of Appellate Counsel

The *Strickland* standard applies to claims of ineffective assistance of appellate counsel. *Corales-Carranza v. Sec'y, Fla. Dep't of Corr.*, 786 F. App'x 053, 957 (11th Cir. 2019); *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel need not raise every nonfrivolous claim on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *see also Eagle v. Linahan*, 279 F.3d 926, 940 (11th Cir. 2001)("[T]he Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues." (citations omitted)). The *Jones* Court underscored the importance of sorting out weaker arguments for stronger ones.

> Most cases present only one, two, or three significant questions . . . . Usually, . . . if you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many in the limited number of pages allowed for briefs will mean that none may receive adequate attention. The effect of adding weaker arguments will be to dilute the force of the stronger ones.

*Jones v. Barnes*, 463 U.S. at 752 (citations omitted). The Court recognized it is possible to bring a *Strickland* claim based on appellate counsel's failure to raise a particular claim, but demonstrating incompetence is difficult. *Robbins,* 528 U.S. at 288. "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.*(citation omitted). To demonstrate prejudice, the petitioner must demonstrate a reasonable probability that, but for his counsel's failure to brief the particular issue, petitioner would have prevailed on the issue on appeal. *Id.* at 285. If petitioner demonstrates that the omitted claim would have had a reasonable probability of success on appeal, then appellate counsel's performance resulted in prejudice. *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991)

### III. Analysis

**A. Grounds for Relief**

**Ground 1: Trial counsel was ineffective for failing to suppress evidence obtained through illegal investigatory stop and frisk**

Petitioner claims trial counsel was ineffective for failing to suppress evidence obtained when he was unreasonably stopped and frisked by officers. (Doc. 12 at 17). Petitioner raised a similar Fourth Amendment claim in his Rule 3.850 motion as ground four. (Doc. 21-20 at 36-37). Respondent contends Ground 1 is without merit because the State court correctly applied *Strickland* in summarily denying this claim. (Doc. 21 at 14). In denying relief, the state court found:

> 9. As to Ground Four, found in Defendant's amended motion, Defendant alleges that defense counsel was ineffective for failing to move to suppress evidence obtained from the officers' investigatory stop of Defendant. Defendant argues that filing a motion to suppress would have provided a ground for a motion for judgment of acquittal. However, Defendant's claim

fails to allege that the motion to suppress would have been granted and was legally insufficient as Defendant cannot demonstrate that the evidence against him would have been suppressed. *Kimmelman v. Morrison*, 477 U.S. 365, [375] (1986) (holding that when the principal allegation of ineffectiveness is defense counsel's failure to litigate a Fourth Amendment claim, the defendant must also prove his Fourth Amendment claim is meritorious and that there is reasonable probability that the verdict would have been different in order to demonstrate actual prejudice).

10. In the instant case, the victim provided a description of the individual with the firearm who robbed him. (See State's Exhibit N, pg. 137-38). The victim testified that this individual stayed on a bicycle the entire time and was wearing a black, regular ski mask. (See State's Exhibit N, pg. 138). Corporals Catlin and Hopkins testified that they received a description of the suspect and responded to the call. (See State's Exhibit N, pg. 154-59). Based on the officers' observations they decided to stop Defendant for additional questioning. (See State's Exhibit N, pg. 161-65, 193-202). "A police officer may, in appropriate circumstances, stop a person for the purposes of investigating possible criminal behavior, even though there is no probable cause for an arrest, as long as the officer has reasonable suspicion that the person is engaged in criminal activity." *State v. Davis*, 849 So. 2d 398, 400 (Fla. 4th DCA 2003). The officers encountered Defendant (1) approximately four blocks from the location of the robbery, (2) within a short time after the robbery, and (3) Defendant matched the age and description of the suspect. Based on the totality of the circumstances, the officers had reasonable suspicion to conduct an investigatory stop of Defendant.

Doc. 21-22 at 46, Doc. 21-23 at 1. The State appellate court appellate court *per curiam* affirmed the denial of the Rule 3.850 motion. (Doc. 21-8). The Second DCA's silent denial constitutes an "adjudication" for § 2254. *Harrington v. Richter*, 562 U.S. 86, 98-99 (2011). Thus, the decision is entitled to deference under § 2254(d) because "the summary nature of a state court's decision does not lessen the deference that is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002).

Here, Dorvil challenges the state court's finding that officers had a reasonable suspicion to stop Dorvil. Dorvil insists that he does not "match[] the age and description of the suspect" because he was not wearing "black shorts," an "all-black shirt," or "riding"

a bicycle on the night of the stop. (Doc. 12 at 18-19; *but see* Doc. 21-18 at 22). Instead, Dorvil claims he was wearing "black pants" and "a faded black tee shirt with brown lettering" and pushing a broken bicycle. (Doc. 12 at 19, 21, 26, 27). Based on the alleged clothing and bicycle contradictions, Dorvil argues the state court's Fourth Amendment findings were unreasonable, and counsel was ineffective for failing to suppress this evidence obtained because of the stop and frisk. (*See* Doc. 12 at 17-29).

Based upon a review of the record, the Court finds the state courts' rejection of this claim on prejudice grounds was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts. The record conclusively supports a valid Fourth Amendment stop. Dorvil (1) was within proximity to the location of the robbery, (2) within a short time of the robbery, (3) matched the general description of the suspect, (4) had bulges in his pocket that appeared consistent with a gun, and (5) ran from the police when they identified themselves. And Dorvil does not provide the court any evidence to the contrary.

Despite Dorvil's protestations, his unsupported "contradictions" are immaterial. Reasonable suspicion is "a less demanding standard than probable cause and [only] requires . . . a minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). An officer only needs to "articulate more than an inchoate and unparticularized suspicion or hunch" that criminal activity is afoot or the suspect is armed and dangerous. *Id.* at 123. Here, the officers' reasons for conducting the stop met the "minimal level of objective justification" because Dorvil matched the *overall* description of the suspect, fled from the police, appeared to carry a gun, and was found near the time and location of the robbery. *See id.* at 123-24. Despite Dorvil's

claims, the law does not require an officer to demonstrate that a person match the *exact* description of a suspect before conducting a cursory Fourth Amendment stop. *See Wilson*, 528 U.S. at 124. Therefore, the state court's assessment of the officers' stop and frisk under Fourth Amendment law was reasonable.

Without a valid underlying Fourth Amendment claim, the Court cannot presume that counsel was ineffective. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). Further, even if Dorvil's Fourth Amendment claim was valid, Dorvil offers no evidence to support a finding that counsel's performance alleged deficiency caused prejudice. *See Span v. Sec'y, Fla. Dep't of Corr.*, 401 Fed. Appx 451, 452 (11th Cir. 2010). Dorvil provide no argument or case law to suggest that the trial court would have granted a motion to suppress based upon the circumstances. Because the state courts finding was not contrary to, or an unreasonable application of, federal law and is supported by the record, the Court denies Ground 1 as without merit.

### Ground 2: Trial counsel was ineffective for failing to challenge suppression of exculpatory evidence

Dorvil claims trial counsel was ineffective because counsel allegedly failed to challenge the State's suppression of exculpatory and impeachment evidence. (Doc. 12 at 32). Respondent claims this ground is unexhausted and procedurally barred because Dorvil did not raise this ground in state court. Doc. 21 at 17. Upon review of the record, the Court agrees and finds Ground 2 not exhausted. (*See* Doc. 21-20 at 30-37). Dorvil acknowledges this is a new ground, but he claims "[r]eview is warranted under *Martinez v Ryan*" even though he did not raise this claim in direct appeal or post-conviction motions. (Doc. 24 at 20).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the United State Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17. Under *Martinez*, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" - that it has "merit" before the procedural default can be excused. *Id.* at 14. Where a petitioner must make a "substantial showing" without the benefit of a merit's determination by an earlier court, he must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see Hamlett v. Sec'y, Dep't of Corr.*, No. 8:13-cv-1923-T-33AEP, 2015 WL 1815861 at *9 (M.D. Fla. 2015).

In the Amended Petition, Dorvil alleges the State suppressed evidence of his broken bicycle and the clothing he wore on the night of his arrest. (Doc. 12 at 32). Dorvil claims the state "removed" his bicycle or clothing from evidence.[4] (Doc. 12 at 32-33). The record does not support, and refutes, Dorvil's allegation. Nothing in the record suggests the State removed any evidence. The record does not reflect the State filed, yet alone was granted, a pretrial motion *in limine* about the clothing or bicycle.[5] Further, Dorvil points to nowhere in the record to support his bald assertion that any evidence regarding his clothing or bicycle were removed or suppressed. Thus, these claims have

---

[4] To the extent that Petitioner may be asserting a *Brady* violation, the court notes that Petitioner has not presented a *Brady* claim to the state courts, and Petitioner cannot overcome the procedural default by *Martinez. Hamm v. Comm'r, Alabama Dep't of Corr.*, 620 F. App'x 752, 784 (11th Cir. 2015) (stating that it has been "repeatedly emphasized in this Circuit" that *Martinez* does not apply to *Brady* claims).
[5] The record indicates that the state filed one Motion *in Limine*, but that Motion *in Limine* was to restrict religious testimony, not to suppress the production of Petitioner's clothing and/or bike. (Doc. 21-2 at 9; Doc. 21-3 at 7).

no merit and do not pass *Martinez*. *See Boyd v. Comm'r, Ala. Dept. of Corr.*, 697 F.3d 1320, 1334 (11th Cir. 2012).

In his Reply, Petitioner attempts to clarify that his clothing and bicycle from evidence "were not accessible to [him] to utilize in proving the Officers and state prosecutors were maliciously prosecuting Petitioner with lies." (Doc. 24 at 21). The Court liberally construes this statement as an ineffective assistance of counsel claim for failing to *produce* the bicycle and clothing. Petitioner claims this evidence would have been exculpatory because his bicycle and "clothing did not match the victim's description of the suspect's clothing." (Doc. 12 at 32). Once again, the Petitioner claims he did not wear a black shirt – he wore "a faded black tee shirt with brown lettering," and he did not ride his bicycle – he pushed it because it was broken. *Id.*

However, upon a review of the record, the Court finds that trial counsel did produce evidence of Dorvil's bicycle. Dorvil took the stand and explained to the jury himself during direct examination he pushed his bicycle because it was broken. (Doc. 21-18 at 18). And he has offered no evidence that the production of the bicycle would have changed the result of the proceeding. *See Boyd*, 697 F.3d at 1335 (holding that a claim is without merit if petitioner "fails to show a reasonable probability that had the evidence been disclosed . . . , the result of the proceeding would have been different.").

As for the clothing, Dorvil admitted during cross-examination on the stand he wore "a black shirt or a dark shirt" (Doc. 21-18 at 22). The record conclusively refutes Dorvil's claim that the state was "maliciously prosecuting [him] with lies" as Petitioner conceded to the Prosecutor's description of his clothing. *See Hill v. Attorney General, Fla.*, No. 8:05-cv-911-T-30EAJ, 2008 WL 786652, at *7 (M.D. Fla. 2008). Clearly, counsel is not

ineffective for failing to produce evidence that contradicts his client's own statement. *See id.* Because Dorvil has not otherwise demonstrated why his testimony was false or inadequate, this claim is without merit. *See Boyd*, 697 F.3d at 1335. The Court finds Ground 2 does not meet the *Martinez* exception and is dismissed as unexhausted and procedurally defaulted.

### Ground 3: Trial counsel was ineffective for failing to move for new trial

Dorvil faults trial counsel for failing to move for a new trial. (Doc. 12 at 37). Respondent seeks dismissal of this ground as unexhausted and procedurally barred because Petitioner did not raise this ground in state courts. (Doc. 21 at 17). Upon review of the record, the Court finds Ground 3 is unexhausted and now procedurally barred. Petitioner again acknowledges this is a new ground, but he claims review is warranted under *Martinez v Ryan.* (Doc. 24 at 26).

Dorvil asserts that although defense counsel moved for a judgment of acquittal after the State rested, counsel should have moved for a new trial after the jury returned its verdict because the weight of the evidence was insufficient. (Doc. 12 at 37-38). To support this claim, Dorvil makes conclusory allegations that the weight of the evidence was "weak, defective" and "questionable." (*Id.*). Dorvil only points to one piece of "defective" evidence – the firearm. (*Id.* at 39). Dorvil claims the firearm found in his pocket was inadmissible because it was unlawfully obtained in an unreasonable stop and frisk "as fully revealed in claim (1)". (*Id.*). Without the firearm, Dorvil contends the weight of the evidence could not sustain a finding of either count and the state judge would have granted a new trial. (*Id.*).

Dorvil's premise is incorrect. As discussed *supra*, the firearm was lawfully obtained in a reasonable stop and frisk. Dorvil provides no other specific facts upon which defense counsel would have moved for a new trial other than conclusory allegations that the State's evidence was "weak" and "questionable." This is not enough. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("[c]onclusory allegations of ineffective assistance are insufficient.") (citation omitted); *Tejada v Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("unsupported allegations" which were "conclusory in nature and lacking factual substantiation" could not raise a constitutional issue). Because Dorvil provides no evidence to support a motion for a new trial or proof that the State produced insufficient evidence, the Court has no basis to find counsel had grounds to move for a new trial. Because the Court finds Ground 3 fails to meet the *Martinez* exception, Ground 3 is dismissed as unexhausted and procedurally barred.

### Ground 4: Appellate counsel was ineffective for failing to challenge trial court's denial of judgment of acquittal

Dorvil argues appellate counsel was ineffective for failing to challenge the trial court's denial of defense counsel's motion for a judgment of acquittal. (Doc. 12 at 42). Respondent submits this ground is unexhausted and procedurally barred because Dorvil did not raise the federal dimension of this ground in the State courts. (Doc. 21 at 17).

The record reveals appellate counsel, finding no meritorious argument to support a finding that the trial court committed significant reversible error, filed an *Ander's*[6] brief. (Doc. 21-4). Appellate counsel did direct the appellate court to two possible issues for review, including whether the trial court erred in denying the motion for judgment of

---

[6] *Anders v. California*, 386 U.S. 738 (1967).

acquittal. (Doc. 21-4 at 7-8). Dorvil did not file a *pro se* brief. The Second District Court of Appeal *per curiam* affirmed Dorvil's convictions and sentence. (Doc. 21-5). Dorvil then filed a *pro se* amended writ of habeas corpus alleging appellate counsel was ineffective for failing to raise on direct appeal the meritorious issue of whether the trial court improperly denied his motion for acquittal. (Doc. 21-6 at 42-50). Dorvil raised this issue in terms of State law only. (*Id.*). Dorvil relied solely on Florida law in his argument and his brief does not suggest that he was asserting a federal constitutional claim regarding the trial court's denial of his motion for acquittal. The appellate court *per curiam* denied the petition without issuing a written opinion. (Doc. 21-6 at 52). *Supra*, this silent denial constitutes an "adjudication" for § 2254. *Harrington v. Richter*, 562 U.S. 86, 98-99 (2011).

Respondent argues this ground is unexhausted because Dorvil did not raise this ground in terms of federal law. The Court disagrees. Dorvil is assigning error to appellate counsel for failing to raise the trial court's denial of the judgment of acquittal as a meritorious ground to the appellate court on direct appeal. He is not challenging appellate counsel's failure to federalize this claim. Nor does Dorvil challenge the denial of the judgment of acquittal on federal grounds here. Instead, Dorvil raises a Sixth Amendment ineffective assistance of counsel claim And Dorvil's filing of state habeas petition exhausts this ground.

Dorvil assigns fault to appellate counsel for failing to challenge the trial court's denial because "substantial evidence reveals doubt." (Doc. 12 at 43). To support this claim, Petitioner again contends points to the testimony on his clothing as "false." (*Id.* at 44). Although witnesses stated that the suspect wore black shorts and a black shirt, Petitioner claims he was wearing "black pants" and "a faded black tee shirt with brown

lettering." (*Id*. at 44-45). Because this "false evidence" reveals doubt, Petitioner argues that appellate counsel should have challenged the trial court's denial of Petitioner's motion for judgment of acquittal. (*Id*.).

Under Florida law, a court considers "the evidence in the light most favorable to the State" to determine whether a motion for the judgment of acquittal should be granted. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). If "a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction" and deny a motion for judgment of acquittal. *Id*. Petitioner was convicted of robbery under Fla. Stat. §§ 812.13 and 775.087 which require: "the taking of money or property from another with the intent to permanently or temporarily deprive the person or owner of the money or property when in the course of the taking, there is the use of force, violence, assault, or putting in fear." *State v. Baldwin*, 709 So. 2d 636, 637 (Fla. Dist. Ct. App. 1998).

Sufficient evidence exists in the record to support the decision reached by the jury on both counts. The victim testified that a young black male holding a silver gun and wearing a ski mask stole his laptop. (Doc. 21-15 at 14-21). The victim stated that his laptop was of value. (*Id*. at 21-22). And he was in fear when the man stole his laptop. (*Id*. at 12). The victim also identified a silver gun that Petitioner was found with as "the gun [he] was holding up with." (*Id*. at 24). The jury also heard testimony from the officer who conducted a Fourth Amendment search on Petitioner. (*Id*.at 28-51). The officer testified that he removed the silver gun and a ski mask from Petitioner's pockets during the search. (*Id*. at 42-43). Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found proof of guilt beyond a reasonable doubt that

Petitioner had committed robbery under Florida law. *See Jones*, 487 F. App'x at 569; *Baldwin*, 709 So. 2d at 637. Thus, the state appellate court reasonably concluded that appellate counsel was not ineffective under *Strickland* for failing to challenge the trial court's denial for judgment of acquittal.

Petitioner was also convicted of carrying a concealed firearm under Fla. Stat. § 790.01(2) which states: "a person who is not licensed under § 790.06 and who carries a concealed firearm on or about his or her person commits a felony of the third degree." To convict a person for carrying a concealed firearm, the firearm "must be (1) on or about the person and (2) hidden from the ordinary sight of another person." *Ensor v. State*, 403 So. 2d 349, 354 (Fla. 1981)

The jury heard testimony from the Petitioner. (Doc. 21-3 at 227-236). On the stand, Petitioner admitted that he had a firearm in his pocket and he did not have a concealed weapons permit. Again, viewing the evidence in the light most favorable to the State, a rational trier of fact could have found proof of guilt beyond a reasonable doubt that Petitioner had committed carrying a concealed firearm under Florida law, and the state appellate court reasonably concluded that appellate counsel was not ineffective. *See Jones*, 487 F. App'x at 569; *Ensor*, 403 So. 2d at 354.

Even if Dorvil did federalize this claim, he would not be entitled to habeas relief. When reviewing a claim of the sufficiency of the evidence on federal habeas review, this Court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("The [only] relevant question is whether after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Under *Jackson*, federal courts look to state law for the substantive elements of the offense. *Coleman v. Johnson*, 566 U.S. 650 (2010). Thus, because the standards are the same Dorvil's claim fares not better even if the Court considered this ground in terms of federal law. The Court finds the State court correctly applied *Strickland* in denying Dorvil relief on his State habeas petition. The Court denies Ground 4 as without merit.

### B. Motion for Evidentiary Hearing and to Expand the Record

Dorvil seeks to expand the record to include his April 15, 2011 transcribed interview with Detective Velazquez. (Doc. 47). Dorvil argues the transcribed interview supports his first claim for relief—counsel was ineffective for failing to challenge the justification given by law enforcement officers to conduct an investigatory stop and frisk— because the transcript demonstrates the clothing he was wearing when he was stopped and frisked did not match the description of the clothing the victim claimed the person who robbed him was wearing. (*Id.* at 3-4). Dorvil states the transcript was part of the state court record but not considered by the state court in ruling on his Rule 3.850 motion because it was suppressed by the state. (*Id.*). Respondent argues that the transcript cannot be considered by this federal habeas court because it was not considered by the state court in ruling on Dorvil's Rule 3.850 motion. (Doc. 43 at 5). Further, to the extent Dorvil attempts to cite to the transcript as newly-discovered evidence of his innocence, Dorvil knew the transcript's existence as early as 2011. (*Id*).

" '[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits' ... and therefore 'evidence introduced in

federal court has no bearing on § 2254(d)(1)review.' " *Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1295 (11th Cir. 2015) (*quoting Cullen v. Pinholster* (internal citations omitted). This constraint "applies even more clearly to § 2254(d)(2), which contains an explicit textual restriction to evaluate the state court ruling only 'in light of the evidence presented in the State court proceeding.'" *Id.* (quoting § 2254(d)(2)).

While § 2254(e)(2) permits federal habeas courts to take new evidence in an evidentiary hearing, this provision applies only when the petitioner has "failed to develop the factual basis of a claim in State court proceedings." *Williams v. Taylor*, 529 U.S. 420, 432 (2000); see also *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1263 (11th Cir. 2014). Similarly, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts permits the court to direct the parties to expand the record by submitting additional materials relating to the petition. However, to be permitted to expand the record with new evidence under Rule 7, the claim could not have been decided by the State court on the merits. *Carney v. Sec'y, Dep't of Corr.*, No. 8:15-cv-713-T-23JSS, 2015 WL 5965271, at *1 (M.D. Fla. Oct. 13, 2015) (denying motion to expand record under Rule 7 where relevant claim considered by state court); *see also Frazier v. Bouchard*, 661 F.3d 519, 523 n.5, 527-28 (11th Cir. 2011) (finding court may not consider record expanded by district court under Rule 7 where § 2254(d)applies).

The only ground arguably relevant to the transcribed statement is Dorvil's first claim in his petition, which mirrors ground four in his state Rule 3.850 motion. (See Doc. 12 at 16). As discussed *supra*, the state court decided this ground on the merits. Because the state court denied the claim arguably relevant to Dorvil's transcribed statement on the merits, Dorvil may not expand the record to include the transcribed statement unless he

can overcome the constraints imposed by § 2254(d).  *Supra*, the Court determined the state court decision was not contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision based on an unreasonable determination of the facts.  Thus, Dorvil's motion to expand the record is denied.

Further, the Court finds Dorvil is not entitled to hearing because the facts for each of Dorvil's claims are developed in the record.  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court need not hold an evidentiary hearing); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, __U.S. __, 137 S. Ct. 2245 (2017).

## IV.    Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted).  Petitioner has not made the requisite showing.  Because Petitioner may not have a certificate of appealability, he may not appeal *in forma pauperis*.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. Petitioner's Motion for Evidentiary Hearing and to Expand the Record (Doc. 47) is **DENIED**.

3. Petitioner's Amended Petition (Doc. 12) is **DENIED. Grounds 1 and 4 are denied and Grounds 2 and 3 are dismissed as unexhausted and procedurally barred.**

4. Petitioner is **DENIED** a certificate of appealability and is not permitted to appeal *in forma pauperis*.

5. The Clerk of Court is directed to moot any other pending motions, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of March 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record